| | |
|---|---|
| 1 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney |
| 2 | |
| 3 | MARTHA BOERSCH (CABN 126569)<br>Chief, Criminal Division |
| 4 | JOSIAH BOURNES (CABN 272316 |
| 5 | Assistant United States Attorney |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 7 | Telephone: (415) 436-7181<br>FAX: (415) 436-7234 |
| 8 | Josiah.bournes@usdoj.gov |

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>GABRIEL JOEY JONES AND<br>JALEEN MICHAEL MCKELLER<br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 3:24-mj-71600 MAG<br><br>**UNITED STATES' MEMORANDUM<br>SUPPORTING MOTION FOR DETENTION**<br><br>Date: November 14, 2024<br>Time: 10:30 a.m.<br>Court: Hon. Thomas Hixon |

## I. INTRODUCTION

Gabriel Joey Jones and Jaleen Michael McKeller were charged by the United States via Complaint on November 7, 2024.

Gabriel Jones is charged in Count 1 with a violation of 18 U.S.C § 922 (g)(1) Prohibited Person in Possession of Firearm and Ammunition.

Jaleen McKeller is charged in Counts 2-3. Count 2 charges McKeller with a violation of 18 U.SC. § 922 (g)(1) Prohibited Person in Possession of Firearm and Ammunition. Count 3 charges McKeller with a violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) Possession with Intent to Distribute Methamphetamine.

## II. FACTS

**Four Loaded Firearms Were Located in a Car Registered to Jones with McKeller and Jones Each Having a Firearm on Their Person**

On July 6, 2024 at 12:15 p.m. California Highway Patrol ("CHP") Officers were patrolling on I-80 westbound west of Center Anchorage in San Francisco when they observed a dark Chrysler with no rear plates. Officers initiated a traffic stop and the vehicle yielded. As Officers approached the car, they noticed a Polymer 80 Firearm (later determined to have no serial number) in the center console area along with two red base magazines. The firearm was later determined to be loaded with one in the chamber. The two magazines with the Polymer 80 had 34 bullets in them total. The Polymer 80 was later swabbed for DNA, and Jones DNA was located on the firearm.

Officers removed the firearm from the center console. Both Jones and McKeller appeared to be concealing something. They were both removed from the car. Officers located a loaded firearm in the waistband area of both Jones, and, McKeller. Jones was in possession of a loaded Glock with full automatic switch and two magazines with 17 bullets among the two of them. McKeller was in possession of a loaded Springfield Armory Hellcat Pro Pistol with two magazines containing 28 bullets. Officers also found additional loose bullets in the car, additional bullets in magazines including 28 bullets in a 30-round magazine in the car, and spent shell casings in the car. Officers located a 50-round drum magazine in the trunk,, and, a safe in the trunk. Jones declined to provided the password for the safe. A warrant was obtained for the safe and Officers located a fourth firearm inside of the safe: a loaded Ruger Model P89 with 7 bullets in the magazine.

**Body Armor**

Jones was also wearing body armor.

**McKeller Also Had Drugs and Empty Baggies On His Person**

Officers also found the following items in McKeller's jacket:

A black case with four small baggies of white crystalline substance which tested positive for methamphetamine via Tru Narc. One baggie was tested by the Alameda Crime Lab and determined to contain methamphetamine;

UNITED STATES' MEMORANDUM SUPPORTING MOTION FOR DETENTION 2
3:24-mj-71600 MAG

  A black tube containing from McKeller's right jacket pocket containing a white rock like substance which tested positive for cocaine via Tru Narc and later confirmed to contain cocaine by the Alameda Crime Lab;

  An orange Medicine bottle with multi-colored pills with dolphins imprinted on them. The Alameda Crime Lab determined there were 41 pills total (along with additional pieces of pills). The lab tested one pill and it was determined to contain methamphetamine;

  A green leafy substance determined to by the lab to contain THC;

and, one bag containing a large number of smaller plastic bags. The bags all contained multiple dollar insignia's all over them, and, were identical to the four baggies that the methamphetamine was packaged in.

## III. DEFENDANTS PRIOR CRIMINAL HISTORY

### A. Defendant GABRIEL JONES

  Defendant Gabriel Jones. has 10 prior felony convictions and 11 prior misdemeanor convictions totaling 21 convictions in all. His convictions include multiple violent crimes, multiple convictions for firearms possession, multiple convictions for possessions of a controlled substance including one conviction for possession of a controlled substance while armed, and multiple prison sentences. The table below includes his convictions.

| Date | Court | Offense | Sentence |
| --- | --- | --- | --- |
| 01/03/2003 | Kings County, WA | Assault 3 (**Felony**) | 12 months probation, 90 days jail |
| 02/23/1995 | Oakland, CA | 243 (b) Battery on peace officer/emergency personnel (misdemeanor) | 2 years probation |
| 06/02/1995 | Oakland, CA | 272 PC Contributing to Delinquency of Minor (misdemeanor) | 2 years probation |
| 02/23/1996 | Oakland, CA | 12021 PC Convicted Person in Possession of Firearm (misdemeanor) | 3 years probation, 90 days' jail |
| 07/14/1996 | Oakland, Ca | 12021 (C)(1) Convicted Person in Possession of Firearm (**Felony**) | Convicted. Punishment not listed. |
| 03/10/1998 | San Francisco, CA | 12025 (a)(1) Concealed Weapon in Vehicle with Prior Felony (**Felony**) | 69 days jail, 3 years probation |

| Date | Location | Charge | Sentence |
|---|---|---|---|
| 12/9/1998 | Oakland, CA | 236 PC False Imprisonment (**Felony**) | 3 years' probation |
| 02/27/2003 | Paso Municipal, WA | Drug Paraphernalia (misdemeanor) | 2 years probation, 90 days jail suspended, 1 day jail served |
| 03/12/2004 | Benton County District Court, WA | Criminal Trespass (misdemeanor) | 90 days' suspended |
| 04/07/2004 | Benton County District Court, WA | Bail Jumping (misdemeanor) | 90 days' suspended |
| 07/09/2004 | Pasco County Superior Court, WA | Disorderly Conduct (misdemeanor) | 1 year jail, 90 days suspended, 87 days served |
| 03/30/2005 | Benton County Superior Court, WA | Possession of Controlled Substance without Prescription-Methamphetamine (**Felony**)<br><br>Manufacturing/Delivering Meth (**Felony**) | 12 months plus one day |
| 08/03/2006 | Pasco Municipal, WA | Assault 4 (misdemeanor) | 365 days suspended |
| 11/09/2006 | Pasco Municipal, WA | Marijuana Possession of 40 grams or less (misdemeanor) | 90 days suspended, 86 days served |
| 01/11/2008 | Santa Clara, CA | 12025(A)(1) PC Concealed Weapon in Vehicle with Prior Felony Conviction (**Felony**)<br><br>11370.1 HS Possession of a Controlled Substance While Armed (**Felony**) | 2 years prison<br><br>2 years prison |
| 05/08/2009 | San Francisco, CA | 243 D Battery with Serious Bodily Injury (**Felony**) | 3 years' probation, 1 year jail |
| 04/13/2011 | San Francisco, CA | 211 2nd Degree Robbery with Firearm (**Felony**) | 7 years prison |
| 07/6/2016 | San Francisco, CA | (12025(A)(2) PC Convicted Person Carrying a Concealed Weapon (**Felony**) | 69 days' jail, 3 years probation |
| 02/18/2020 | Franklin County Superior Court, WA | Drug Paraphernalia -Use (misdemeanor) | 90 days suspended |

| 2/19/2020 | Benton Superior Court, WA | Controlled Substance No Prescription- Cocaine (**Felony**)<br><br>Bail jumping (misdemeanor) | 12 months custody |

## B.    Defendant JALEEN MCKELLER

**Prior Felony Conviction**

Defendant Jaleen McKeller has one prior felony conviction with a maximum punishment that exceeds one year. June 21, 2015, defendant was convicted of a felony violation of California Penal Code § 496 d (a) Receiving Stolen Property-Motor Vehicle according to his criminal conviction history.

**Pending Alameda County Case**

In addition defendant McKeller currently has a pending case out of Alameda County for First Degree Attempted Murder (Prebail Report Page 7). The undersigned has spoken been in communication with the assigned Assistant District Attorney in Alameda County, and, checked the online court records for this case. The case is currently pending with a next court date of December 4, 2024. The Alameda County case number is 24-CR-009416.

The undersigned obtained the Oakland police report underlying 24-CR-009416 through the case agent. According to Oakland police report number 24-026306, on May 24, 2024, Oakland Police responded to a Shotspotter activation. Police arrived on scene and located (10) spent 9mm casings in front of 5920 San Pablo Avenue, a bullet hole that went through the front window of the business at that location, and white truck with several bullet holes in it. The victims (driver and one passenger) reported that they drove their truck to Safelite Window in Oakland that day in order to get their windows repaired. When they arrived, they were confronted by two unknown suspects standing on the street who began looking at the victims and arguing with them. One of the suspects pulled out a firearm and repeatedly started shooting at the victims. The victims drove away but one was shot in the left hand. The suspects fled the scene before Oakland Police arrived.

The shell casings in the Oakland shooting matched the Springfield Armory Hell Cat Pro firearm recovered from McKeller on July 6, 2024, in this case. San Francisco Police Department then notified Oakland Police. On August 29, 2024, Oakland Police interviewed McKeller, and McKeller admitted to being present

on the scene, purchasing and possessing the firearm, and shooting at the victims on May 24, 2024. McKeller indicated he believed he shot about 8 to 10 times. McKeller was arrested for the shooting on August 29, 2024.

## IV.   LEGAL STANDARD

The Bail Reform Act of 1984 (the "Act") permits pretrial detention of a defendant without bail "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk—the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

In cases involving narcotics, the Act established a rebuttable presumption that a defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e)(3)(A); *United States v. Cox*, 635 F. Supp. 1047, 1054 (D. Kan. 1986) citing H.R. Rep. at 20, U.S.C.C.A.N. at 3203 (Congress also noted that persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus "pose a significant risk of pretrial recidivism.") That presumption exists if there is "probable cause" that the defendant committed a narcotics offense for which a maximum term of imprisonment of ten years or more is prescribed. 18 U.S.C. § 3142(e).

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning

> appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g); *see United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The rules of evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). At a detention hearing, the government may proffer evidence sufficient to inform the court of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 743 (1987).

## V. ARGUMENT

**Defendants pose a danger to the community and a risk of flight**.

### A. Releasing defendant Jones poses a danger to the community and create a risk of flight that cannot be cured by any condition or combination of release conditions.

Defendant Jones is a danger to the community and the Court should not release him.

**Defendant Jones has an extensive criminal history**.

First, defendant Jones has an extensive criminal history which totals **21** (twenty-one criminal convictions) ranging from 2003 through 2020, which are reflected on his FBI and California criminal history. 10 of those prior criminal convictions are felonies that are punishable by more than one year in prison, while,11 of his convictions are misdemeanors. Defendant Jones has committed a variety of crimes which include violent crimes (2006 misdemeanor assault, 2003 felony assault, 1995 battery on a police officer, and, 2009 battery with serious bodily injury, and, 1998 false imprisonment), Defendant Jones also has an extensive history of weapons and firearms possession (two 1996 misdemeanor and felony convictions for Convicted Person Carrying a Firearm, a 1998 Concealed Weapon in Vehicle, a 2008 Concealed Weapon in Vehicle, a 2008 Possession of a Controlled Substance While Armed, a 2011 Robbery with a Firearm, and a 2016 Convicted Person Carrying a Concealed Weapon in Vehicle). In

addition, defendant has three felony convictions for controlled substances. In 2005 defendant was conviction of both Possession of Methamphetamine and Manufacturing/Delivery of methamphetamine. In 2020, defendant was convicted of Possession of Cocaine. Defendant's criminal history underscores the danger he poses to the community due to his violence, possession and use of weapons, and repeated failure to abide by the law in California and Washington.

**Defendant Jones' conduct in this case underscores his dangerousness, and, unwillingness to abide by the law**.

In this case, Jones was once again in possession of a firearm in violation of the law. In addition, Jones was wearing body armor, had spent shell casings in his car, and, had both a 30 round and 50 round high-capacity magazine. To make matters worse, in addition to the firearm on his person, there was a Polymer 80 ghost gun in the center console area, and, another Ruger firearm in the trunk. Given his extensive criminal history, violence, and repeated gun possession, the danger that Jones possess cannot be mitigated by any release conditions.

**Defendant Jones poses a flight risk that cannot be mitigated by any conditions.**

Defendant Jones poses an unreasonable risk of flight that cannot be mitigated by any conditions. Jones faces potentially serious penalties if convicted of all the conduct he is responsible for in this case. Furthermore, Jones criminal history indicates that he has previously fled from court proceedings. In 2004, Jones was convicted of "Bail jumping" out of the state of Washington. He was again convicted of the same offense in 2020. A review of Jones' criminal conviction history indicates that he was first charged with Possession of a Cocaine in 2007. However, this case did not resolve until 2020. In 2020, when convicted of Possession of Cocaine defendant was also convicted of Bail Jumping (which was originally charged in 2007). Thus, it appears that defendant avoided appearing in Court to address his case for a period of 13 years from 2007 to 2020, the only two entries on his criminal history for these cases. Considering the totality of the circumstances, including defendant's two prior convictions for bail jumping, defendant poses a flight risk that cannot be mitigated by any condition or combination of conditions and the government requests that defendant remain held pending trial.

UNITED STATES' MEMORANDUM SUPPORTING MOTION FOR DETENTION
3:24-mj-71600 MAG

8

### B. Releasing defendant McKeller poses a danger to the community and create a risk of flight that cannot be cured by any condition or combination of release conditions.

First, there is a presumption in favor detaining defendant McKeller pursuant to the Bail Reform Act. 18 § U.S.C. 1342 as he is charged with a controlled substance offense. The maximum sentence for possession with intent to distribute methamphetamine is 20 years and a $1,000,000 fine. Thus, McKeller is subject to a presumption that "no condition or combination of conditions would reasonably the appearance of the person and the safety of the community" because there is probable cause to believe the defendant's committed a Controlled Substance Act Offense with a maximum penalty of ten years or more. *Id.* at (e)(3)(A). McKeller was in possession of four bags of methamphetamine individually packaged in baggies which had dollar signs on the bags. In addition, McKeller had a large amount of empty baggies which bore the exact same dollar signs. McKeller also had cocaine and marijuana in his jacket when he was searched. Thus, McKeller's intent to sell methamphetamine poses a danger to the community.

The danger McKeller posses by his firearm possession further indicates that he should not be released and no condition or combination of conditions can reasonably assure the community. McKeller had a loaded firearm in his waistband at the time of the offense on July 6, 2024. Furthermore, this same firearm was used by McKeller to shoot a victim just months prior in May of 2024 resulting in two people being shot at, and, one actually being shot in the hand. Although this case is currently still pending in Alameda county in case 24-026306, the danger McKeller poses cannot be overstated. Furthermore, according to the Oakland police report, McKeller admitted to the shooting on August 29, 2024. Thus, to protect the community from any more shootings, or firearms possession by Jones, he must remain held and no condition or combination of conditions can reasonably assure the safety of the community. The government would also note that this case of firearm possession, on July 6, 2024, occurred after Jones already shot at two people in May, and, one of his bullets actually struck one of the victims.

For similar reasons, McKeller is a flight risk that cannot be mitigated with any condition or combination of conditions. First, Jones is facing significant penalties in federal court which provides him with an incentive to flee. Furthermore, McKeller's incentive to flee is even more pronounced in this

case since he has an open case in San Francisco federal court, and, Alameda Superior Court. A conviction in either case may affect sentencing in the other. Having previously only served a probationary sentence, Jones is likely facing must stiffer punishment in both cases and has ample reason to avoid appear in Court to answer for his crimes.

**VI.    CONCLUSION**

Thus, the government respectfully requests that both defendant Jones and defendant McKeller be held without bail pending due to the danger they pose to the community and the flight risk that cannot be mitigated by any release condition or combination of conditions.

DATED: October 13, 2024                              Respectfully submitted,

                                                     ISMAIL J. RAMSEY
                                                     United States Attorney


                                                     /s/ *Josiah Bournes*
                                                     JOSIAH BOURNES
                                                     Assistant United States Attorney